PAID

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# FILED

APR 18 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

JOHNNY JEAN )
)
)
_____ )
)
*Petitioner* )
)
v. )
)
WARDEN UNITED STATES PENITENTIARY )
ATWATER )
)
_____ )
*Respondent* )

*(name of warden or authorized person having custody of petitioner)*

Case No.   2: 2 2   CV . 0 6 7 7   KJN HC

*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:   Johnny Jean
    (b) Other names you have used:   N/A

2.  Place of confinement:
    (a) Name of institution:   United States Penitentiary Atwater
    (b) Address:   1 Federal Way
    Atwater, California
    (c) Your identification number:   05661-104

    > JOHNNY JEAN 05661-104
    > USP ATWATER
    > P.O. BOX 019001
    > ATWATER, CALIFORNIA 95301

3.  Are you currently being held on orders by:
    ☑ Federal authorities     ☐ State authorities     ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:   United States District Court Southern District of
    Florida
    (b) Docket number of criminal case:   1:14-cr-20769-BB-1
    (c) Date of sentencing:   05/04/2015
    ☐ Being held on an immigration charge
    ☐ Other *(explain):*   _____

_____
_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other *(explain)*:     As explained in greater detail in the Petition provided herewith, the Petitioner is being subjected to a violation of the Equal Protection Clause of the United States Constitution and/or conditions that have created a manifest injustice to occur.

6.   Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:     N/A

(b)  Docket number, case number, or opinion number:

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

(d)  Date of the decision or action:

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(b) If you answered "No," explain why you did not appeal: _____
_____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes          ☑ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____
       _____
       _____
       _____
       _____
       _____

(b) If you answered "No," explain why you did not file a second appeal: _____
_____

9. **Third appeal**
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes          ☑ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____
       _____
       _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____
_____
_____
_____
_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion or a Section 2254 to petition to challenge this conviction or sentence?**

☐ Yes          ☑ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____

_____
_____
_____
_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
         conviction or sentence: _____
_____
_____
_____
_____
_____
_____
_____

11.     **Appeals of immigration proceedings**

         Does this case concern immigration proceedings?

         ☐ Yes              ☑ No

         If "Yes," provide:

(a)      Date you were taken into immigration custody: _____

(b)      Date of the removal or reinstatement order: _____

(c)      Did you file an appeal with the Board of Immigration Appeals?

         ☐ Yes              ☐ No

         If "Yes," provide:

         (1) Date of filing: _____

         (2) Case number: _____

         (3) Result: _____

         (4) Date of result: _____

         (5) Issues raised: _____
_____
_____
_____
_____
_____

(d)      Did you appeal the decision to the United States Court of Appeals?

         ☐ Yes              ☑ No

         If "Yes," provide:

         (1) Name of court: _____

         (2) Date of filing: _____

         (3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

_____

_____

_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes            ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**  As explained in greater detail in the Petition filed herewith, the Petitioner is being denied his Constitutional right to Equal Protection because he is not permitted to petition his sentencing court for compassionate release on the basis of the COVID-19 pandemic.  This is so because the 11th Federal Circuit is the only Federal Circuit to hold that U.S.S.G. 1B1.13 is controlling in inmate filed compassionate release filings

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:
Please see attached Petition.

(b) Did you present Ground One in all appeals that were available to you?
☑Yes          ☐No

**GROUND TWO**:  As explained in greater detail in the Petition filed herewith, Petitioner has been subjected to a manifest injustice by not being permitted to petition his sentencing court for compassionate release due to the COVID-19 pandemic.  If he were sentenced in any court outside of the 11th Federal Appellate Circuit he would be able to petition for this relief.

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:
Please see attached petition.

(b) Did you present Ground Two in all appeals that were available to you?
☑Yes          ☐No

**GROUND THREE**:  N/A

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:
N/A

(b) Did you present Ground Three in all appeals that were available to you?
☑Yes          ☐No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**     N/A

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

N/A

(b) Did you present Ground Four in all appeals that were available to you?

☑Yes              ☐No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:     N/A

## Request for Relief

15.  State exactly what you want the court to do:   As set forth in the Petition filed herewith, Jean prays that ths Court
enter an order finding that a violation of his equal protection rights have occurred; a manifest justice has occurred; and
that as a result he be permitted to petition the Court for Compassionate Release as a result of the COVID-19 pandemic.
Jean also seeks any and all other relief the Court deems just and equitable.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

April 5, 2022

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:   04/05/2022

_Johnny Jean_

Signature of Petitioner

Signature of Attorney or other authorized person, if any

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHNNY JEAN,** | ) |
| *Petitioner,* | ) |
| | ) |
| **v.** | ) **Case Number:**_____ |
| | ) |
| **WARDEN, UNITED STATES** | ) |
| **PENITENTIARY ATWATER** | ) |
| **Serve at:** | ) |
| **Warden USP Atwater** | ) |
| **1 Federal Way** | ) |
| **Atwater, California 95301** | ) |
| *Respondent,* | ) |
| | ) |
| _____ | ) |

## PETITION FOR THE ISSUANCE OF A WRIT OF HABEAS CORPUS
## 28 U.S.C. §2241
\* \* \* \* \* \* \* \*
## I.
## PRELIMINARY STATEMENT

1.1     The Petitioner, Johnny Jean ("Jean"), is a federal prisoner who is presently housed at United States Penitentiary Atwater ("USP Atwater"). Jean is being housed at USP Atwater in violation of the Equal Protection Clause contained in the Fifth Amendment to the United States Constitution. This is so because Jean is being denied meaningful consideration for compassionate release as authorized by 18 U.S.C. §3582(c)(1)(A) ("§3582") as amended by the First Step Act of 2018 ("FSA"). Jean is being denied this consideration based solely upon the location of his federal conviction. This is occurring while others, with violent offenses, are being granted home confinement release. Alternatively, Jean asserts that him being denied compassionate release consideration based solely upon the location of his federal conviction is an abuse of the authority the legislative branch delegated to the judicial branch with the passage

of the FSA creating a manifest injustice. Jean has no under remedy under law and therefore this Petition for the Issuance of a Writ of Habeas Corpus as authorized under 28 U.S.C. §2241 ("§2241") is properly before the Court.

## II.
## JURISDICTION

2.1     This Court has jurisdiction over this action pursuant to 28 U.S.C. §2241 because Jean is being subjected to a violation of his right of Equal Protection as guaranteed to him under the Fifth Amendment to the United States Constitution.

2.2     Jean invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331 in that the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity

2.3     Jean also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4) in that he seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

## III.
## PARTIES

3.1     The petitioner, Jean, is presently confined at USP Atwater pursuant to the judgment of the United States District Court for the Southern District of Florida.

3.2     The Respondent, is the Warden of USP Atwater and, through the Bureau of Prisons ("BOP"), an agency of the United States Department of Justice, is responsible for the petitioner's custody and calculation of his term of confinement.

## IV.
## STATEMENT OF FACTS

4.1    On October 14, 2014, Jean was named in felony indictment in the United States District Court in and for the Southern District of Florida. The indictment alleged that Jean possessed a firearm under disability in violation of 18 U.S.C. §922(g). The case against Jean is styled *United States of America v. Jean* and bears a case number of 1:14-cr-20769-BB-1.

4.2    Following a bench trial, Jean was found guilty of the offenses alleged in the indictment.

4.3    At sentencing, which was held on May 4, 2015, the Court imposed a custodial term of 180-months followed by five years of supervised release.

4.4    On December 21, 2018, President Trump signed the FSA into law. See: Pub. Law 115-391.

4.5    The FSA is officially titled as the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act and has a stated purpose of: "to provide for programs to help reduce the risk that prisoners will recidivate upon release from prison, and for other purposes". See: *ID.*

4.6    With the passage of the FSA Congress expanded the authority of Courts to grant compassionate release requests. They did this by allowing Defendants to file compassionate release motions on their own, rather then waiting for the BOP to file the motion. See e.g.: *United States v. Tallon, No. 20-12596 (11th Cir. Feb. 25, 2021) (discussing the compassionate release statute post-FSA);* See also: *Section 603(b) of the FSA "Increasing the Use and Transparency of Compassionate Release".*

4.7    The revised compassionate release statute reads as follows:

(c)The court may not modify a term of imprisonment once it has been imposed except that — (1) In any case:(A) The court upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted his rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment, after considering the factors set forth in section §3582(a) to the extent they are applicable, if it finds that: (i) extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission. See: *18 U.S.C. §3582*

4.8     When the BOP had the sole authority to move for compassionate release, it rarely did so. As observed by one court, "from 1984-2013, an average of 24 inmates were released per year through BOP-filed motions". See: *United States v. Rodriguez 451 F. Supp. 3d., 392, 396 (E.D. Pa. April 1, 2020).*

4.9     The applicable policy statement referenced in the §3582 statute is U.S.S.G §1B1.13 ("§1B1.13"). However, all but one Appellate Circuit has found that is not applicable in inmate filed §3582 Motions. This is so because the language in §1B1.13 pre-dates the amended §3582 language and fails to define what constitutes "extraordinary and compelling" reasons in inmate filed compassionate release motions. See: *United States v. Jones, 980 F. 3d 1098 (6th Cir. 2020)* (explaining the history of the compassionate release statute and the Sentencing Commissions role in the process). As explained by one Court "the dependence on the BOP to determine the existence of an extraordinary and compelling reason, like the requirement for a motion by the BOP director, is a relic of the prior procedure that is inconsistent with the amendments implemented by the {FSA}". See: *United States v. Clausen 00-291-2 (E.D. Pa. July 24, 2020)* (brackets in original) (citing: *United States v. Young 458 F. Supp. 3d 838, 842 (M.D. Tenn. March 4, 2021*

4.10    Published cases by Federal Appellate Courts that have found §1B1.13 not to be

applicable in inmate filed motions include: *United States v. Long* 997 F. 3d 342, 346 (D.C. Cir.

2001); *United States v. McCoy* 981 F. 3d 271, 281 (4th Cir. 2020); *United States v. Gunn* 980 F.

3d 1178, 1180 (7th Cir. 2020); *United States v. Jones* 980 F. 3d 1098, 1108 (6th Cir. 2020);

*United States v. Booker* 976 F. 3d 228, 236 (2nd Cir. 2020);  *United States v. Andrews* 20-2768

(3rd Cir. 2021); *United States v. Jones*, 980 F. 3d 1098 (6th Cir. 2020).

4.11    The only Appellate Court to conclude that §1B1.13 is still an "applicable policy

statement" in inmate filed motions for Compassionate Release is the 11th Circuit.  See: *United

States v. Bryant*, 996 F. 3d 1243 (11th Cir. 2021).

4.12    The 11th Federal Circuit includes the Southern District of Florida.

4.13    As a result of the 11th Circuit's holding in *Bryant*  Jean can only obtain

compassionate release if he meets the specific circumstances set forth in §1B1.13 and the

commentary following the section.

4.14    §1B1.13 provides as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C.
> § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a
> term of supervised release with or without conditions that does not exceed the
> unserved portion of the original term of imprisonment) if, after considering the
> factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the
> court determines that—(1) (A) extraordinary and compelling reasons warrant the
> reduction; or (B) the defendant (i) is at least 70 years old; and (ii) has served at
> least 30 years in prison pursuant to a sentence imposed under 18 U.S.C.
> § 3559(c) for the offense or offenses for which the defendant is imprisoned; (2)
> the defendant is not a danger to the safety of any other person or to the
> community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is
> consistent with this policy statement.

> **Commentary Application Notes:**  1. Extraordinary and Compelling Reasons.—
> Provided the defendant meets the requirements of subdivision (2), extraordinary
> and compelling reasons exist under any of the circumstances set forth below;
> (A) Medical Condition of the Defendant.—(i) The defendant is suffering from a

terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. (ii) The defendant is— (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. (C) Family Circumstances.— (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

4.15    As required by §3582, Jean made a request to the Warden at USP Atwater requesting compassionate release on the basis of the COVID-19 pandemic.  The request was denied.

4.16    Early in the pandemic, the Centers for Disease Control and Prevention ("CDC") issued a warning for penal institutions explaining that they "present.... unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff and visitors." See: *Centers for Disease Control and Prevention, Interim Guidance on Management of Coronavirus Disease 2019 in Correction and Detention Facilities, Centers for Disease Control and Prevention, https://www.perma.cc/w3jw-4vqv20*.  A study released before the emergence of the Omicron and Delta variants suggests that prison officials ignored the CDC's warning. Concluding that had they "done more to reduce its incarceration rate, it could have prevented millions of COVID-19 cases".  See: *NPR, Crowded U.S. Jails Drove Millions of COVID-19 Cases, a New Study Says, www.npr.org, September 2, 2021.*  Researchers at Northwestern

University and the World Bank went on to state that releasing non-violent offenders to home confinement could have reduced the daily COVID-19 spread by an average of 2%. See: *ID.* While this number may seem low, the report authors explained that "even just a 2% reduction in daily case growth rates in the U.S. from the beginning of the pandemic until now would translate to the prevention of millions of cases...Tens of thousands of deaths could also have been prevented".

4.17    Since the start of the pandemic 54,065 federal inmates have been diagnosed with COVID-19 with 285 of those having lost their lives to the virus. See: *www.bop.gov/ coronavirus (last assessed 3/18/2021).* While this number is alarming – many suspect that the reported number "may be far too low". See: *New York Times, COVID's True Toll in U.S. Prisons Tough to Gauge, www.nytimes.com, June 7, 2021.* Assuming the number to be close to accurate, it does not take into account that more than half of the inmates that "recovered" from COVID-19 will deal with the lingering effects of "Long COVID-19". See: *Penn State University, How Many People get 'long COVID?' More than half, researchers find, www.psu.edu, February 8, 2022.* A condition that the Department of Health and Human Services says qualifies as a serious disability. See: *https://www.hhs.gov/civil-rights/for-providers/civil-rights-covid19/guidance-long-covid-disability/index.html (Accessed February 11, 2022);* See also: *CNN, Biden Celebrates Americans with Disabilities Act, https://www.cnn.com, July 11, 2021.* While it is true that institutional spread of COVID-19 slowed for a while, it has once again ramped up with the emergence of the Delta and Omicron Variant's. According to health officials, "the Delta Variant is perhaps two to three times more transmissible" than the original COVID-19 viral spread. Putting that into perspective, for every 10 people infected with the original virus, they would go on to infect 25. But with the Delta

Variant, 10 infections would likely result to between 50 to 70 new infections. See: *Wall Street Journal, Delta Variant: What we Know, https://www.wsj. com, July 24, 2021.* By comparison, the Omicron Variant is "105% more transmissible than Delta". See: *Euro News, Omicron COVID Variant 105% More Transmissible, www.euronews.com, July 1, 2022.*

4.18    The serious nature of the COVID-19 pandemic and the potential for institutional spread led the BOP to conclude that the pandemic presented "extraordinary and compelling" reasons meriting release for certain inmates. See: *United States v. Guzman No. 1:18-CR-10088-IT (D. Mass May 1, 2020)* ("The Attorney General in giving direction to the Director of the Bureau of Prisons has recognized that COVID-19 is an extraordinary and compelling factor that may be considered, alongside other factors, when determining whether home confinement is merited for certain prisoners").

4.19    Defendant's in every Federal Appellate Circuit, except for the 11th, continue to petition their sentencing court for release because of the COVID-19 pandemic. Many of these petitions are granted.

4.20    Defendant's with far more serious records and violent offenses are being released on compassionate release for no other reason then they happen to have a criminal proceeding that did not originate in the 11th Circuit.

4.21    According to the Data Report released by the Sentencing Commission from January 2020 – June 2021("The Commission Report"): 32.8% of offenders released on compassionate release had a gun offense; 4.8% had sex crime related convictions involving production and receipt of child pornography; and 1.4% had a murder conviction. See: *https://www.ussc.gov/sites/default/files /pdf/research-and-publications/federal-sentencing-statistics/compassionate-release/20210928-Compassionate-Release.pdf*

4.22     The Commission Report also found that a majority of the offenders released on compassionate release were released because of the COVID-19 pandemic and were released following motions they filed and not BOP initiated motions. See: *ID.*

4.23     The Commission Report determined that 24.6% of offenders released on compassionate release had served 20 years or more in custody; 28.8% had served 10 years or more in custody; and 23.2% had served at least 5 years in custody. See: *ID.*

4.24     While Jean has a firearms offense, it is a possession offense and not a usage offense, like many others who have been released on Compassionate Release.

4.25     Jean has been incarcerated since 2014. This is long before COVID-19 started ravaging prisons. Thus, the Court at sentencing had no way of knowing that future world events could very well lead to Jean dying in prison. Congress sought to amend the Compassionate Release statute precisely for offenders like Jean, to permit the Court to consider new circumstances that might warrant release. Unfortunately, because of the location of his case, Jean is being denied this review.

4.26     Jean has several health conditions that make him more likely to suffer serious consequences should he again contract COVID-19. However, that aside his likelihood of contracting COVID-19 is increased simply because of his communal setting.

4.27     Jean has conditions and circumstances more favorable than a majority of the offenders released on compassionate release because of the COVID-19 pandemic.

4.28     As but for Jean having a case that originated in the 11th Circuit it is more likely than not that he would be granted compassionate release.

4.29    Jean is being precluded from asserting a claim for compassionate release relief because the 11th Circuit's *Bryant* holding, which is in opposite to the holding of every other Circuit that considered the issue.

4.30    Prior to bringing this §2241 Petition seeking the issuance of a writ of habeas corpus, Jean exhausted all administrative remedies available to him.

4.31    Jean has been denied compassionate release consideration, as a result of the COVID-19 pandemic, because of the 11th Circuit's holding in *Bryant* which is inapposite to legislative intent, BOP guidance, and sister circuit guidance.

## V.
## STATEMENT OF LAW

5.1    A habeas petition brought pursuant to §2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution of the confinement". See: *Preiser v. Rodriguez*, 441 U.S. 475, 494 (1973).

5.2    The authority to disturb an otherwise final sentence and release an inmate on compassionate release is found in 18 U.S.C. §3582(c)(1)(A).

5.3    Congress by passing the Sentencing Reform Act of 1984 "sought to establish an effective and fair sentencing system, reasonable uniformity in sentencing, and proportionality." See: *United States v. Pompey*, 17 F. 3d 351, 354 (11th Cir. 1994) (citing: U.S.S.G. Ch 1., Pt. A, Intro.).

5.4    It is well settled that "sentencing is a shared responsibility of the three branches of federal government". See: *United States v. Wiliams*, 372 F. Supp. 2d, 1335, 1340 (M.D. Fla. 2005). This shared responsibility is disturbed when one branch enacts a rules or law that dispropoantley effects some defendants.

5.5     Because Jean is a federal prison the equal protection clause found in the Fourteenth Amendment is not applicable.  However, the due process clause of the Fifth Amendment is applicable and as the Supreme Court has ruled that the Amendment "encompasses equal protection principles".  See:  *Matthews v. De Castro, 429 U.S. 181, 182 n.1 (1976)*.

5.6     The Equal Protection Clause provides that similarly situated persons should be treated alike.  See:  *City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985)*.

5.7     A miscarriage of justice occurs when the BOP incorrectly determines eligibility for early release.  This error can be corrected through a §2241 proceeding.  See:  *Murray v. Carrier, 477 U.S. 478, 495 (1986)*.

## VI.
## A WRIT OF HABEAS CORPUS SHOULD ISSUE

6.1     Jean is being denied compassionate release consideration as a result of the COVID-19 pandemic, as authorized by §3582, solely because his case originated within the 11th Federal Appellate Circuit.

6.2     Offenders with more serious convictions and criminal records have been granted compassionate release because of the COVID-19 pandemic.

6.3     Jean being denied compassionate release consideration simply because of the originating location of his case, is a violation of the Equal Protection Clause of the United States Constitution and is inapposite of the goal the Congress sought to achieve by the Sentencing Reform Act of 1984.

6.4     Disqualifying an inmate from obtaining compassionate release because of the COVID-19 pandemic, based solely upon where their case originated creates a miscarriage of justice.

6.5    For all of the foregoing reasons, a violation of the Fifth Amendment's Equal

Protection clause has occurred and/or Jean has been subjected to miscarriage of justice, and the

only just and proper thing is for a writ of habeas corpus to issue.

**VII.**
**PRAYER**

**WHEREFORE**, Jean prays that this Honorable Court grant him the following relief:

1)    Issue a writ of habeas corpus;

2)    Find that he was denied his right to equal protection, as the
       Constitution commands;

3)    Find that a miscarriage of justice has occurred;

4)    Evaluate Jean for compassionate release as authorized by §3582;
       and

5)    Any and all other relief that the Court deems to be just and
       equitable.

*Respectfully Submitted,*

*Johnny Jean*

Johnny Jean
Reg Number: 05661-104
USP Atwater
P.O. Box 019001
Miami, Florida 95301

**VERIFICATION**

I, Johnny Jean, do hereby certify that to the foregoing allegations are to the best of my

reasonable information and belief true correct and accurate.

*Johnny Jean*

Johnny Jean



**JOHNNY JEAN**
**05661-104**
**United States Penitentiary Atwater**
**P.O. Box 019001**
**Atwater, California 95301**

FILED

APR 1 8 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

April 5, 2022

*VIA FIRST-CLASS MAIL*
United States District Court Clerk
Eastern District of California
501 I Street, Room 4-200
Sacramento, California 95814

2 2 2   CV . 0 6 7 7   KJN HC

Re:   *Petition for Habeas Corpus*

Dear Sir/Madam:

    I hope this letter finds you well. Enclosed herewith please find a new petition for the issuance of a writ of Habeas Corpus pursuant to 28 U.S.C. 2241. I am also enclosing a money order in the amount of $5.00 to cover the filing fee. Please kindly docket my petition and thereafter forward to the Court for consideration.

    Thank you in advance for your prompt and professional attention to this most serious matter. Should you have any questions or concerns, please do not hesitate to contact me.

            Respectfully,

            *Johnny Jean*

            Johnny Jean

Enclosure(s)