# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY JEAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, USP-ATWATER,<br><br>　　　　Respondent. | Case Nos.:  1:22-cv-00496-AWI-SKO (HC)<br>　　　　　　　 1:22-cv-1039-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITIONS FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

  Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the Southern District of Florida. Petitioner is incarcerated at the U.S. Penitentiary in Atwater, California.

  Petitioner filed his first federal habeas petition in the Sacramento Division of this Court on April 18, 2022.  Petitioner filed a second federal habeas petition in the Sacramento Division of this Court on June 3, 2022.  Because venue was proper in the Fresno Division, the petitions were transferred.  On August 5, 2022, Respondent filed a notice of related cases in both actions.  On September 30, 2022, Respondent filed a motion to dismiss both petitions.  Upon review of the pleadings, the Court will recommend Respondent's motion be GRANTED and the petitions be DISMISSED for lack of jurisdiction.

## BACKGROUND

On October 14, 2014, Petitioner was indicted in the United States District Court for the Southern District of Florida of one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). See United States v. Jean, Case No. 14-cr-20769 (S.D. Fla.). Petitioner was found guilty in a bench trial and was sentenced pursuant to the Armed Career Criminal Act ("ACCA") to a 180-month term of imprisonment, on May 4, 2015. Id.

On January 13, 2016, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. See United States v. Jean, 636 F.App'x 767 (11th Cir. 2016).

On June 23, 2016, Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. Jean, Case No. 14-cr-20769. Petitioner brought various claims concerning his § 924(e) priors, but the claims were denied on the merits. The sentencing court concluded that Petitioner had indeed suffered five qualifying violent predicate offenses with respect to his enhanced sentence. Petitioner then brought several successive § 2255 motions in the sentencing court. See Case Nos. 18-cv-23140 and 20-cv-22174. Those motions were denied or dismissed.

On January 3, 2022, Petitioner filed a successive § 2255 motion. Petitioner raised the same claim he now raises in this Court in case no. 1:22-cv-01039-AWI-SKO (HC). See In re Jean, USCA No. 22-10012 (11th Cir. 2022). On January 14, 2022, the court dismissed and denied the petition, noting that regarding post-Borden era relief, the appellate court-of-conviction has "certified a question to the Florida Supreme Court asking if an individual can violate § 784.011 with a mens rea of recklessness." See Appendix pp 57-62 (citing Somers v. United States, 15 F.4th 1049, 1056 (11th Cir. 2021).

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence

by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255.  United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65.  "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241.  Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e).  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion.  Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315

F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

In his petition in 1:22-cv-01039-AWI-SKO, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Southern District of Florida, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Florida District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but contends the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not demonstrate he has never had an unobstructed procedural opportunity to present his claim.

As previously noted, Petitioner has already presented and been denied relief on his Borden § 924(e) claim. Petitioner is asking another district court to render another decision on the claim--which the court cannot do. The Court also notes that Petitioner has availed himself of several opportunities in presenting his claim, as he has repeatedly raised the claim on direct appeal and in collateral challenges. Also, Petitioner may still have yet another opportunity to seek relief on his claim in the sentencing court. In dismissing the latest § 2255 motion, the sentencing court noted that the issue of whether Florida's aggravated assault offense qualifies as a violent felony offense under the ACCA is still pending. Thus, Petitioner fails to show he has never had an unobstructed procedural opportunity to present his claim.

With respect to his claim in his petition in Case No. 1:22-cv-00496-AWI-SKO, the Court is likewise without jurisdiction. In that petition, Petitioner complains of various filing restrictions with respect to his 18 U.S.C. § 3582 motion for compassionate release. He contends his equal protection rights are being violated because he cannot obtain meaningful consideration for compassionate release in the Eleventh Circuit, as compared with other circuits. As Respondent correctly notes, habeas jurisdiction is unavailable for violations of civil rights or challenges to the conditions of confinement. Such claims must be brought in a civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narc., 403 U.S. 388 (1971). As Respondent correctly notes, Petitioner does not present a cognizable habeas claim. See Figueroa v. Chapman, 347 F.App'x 48, 50 (5th Cir. 2009) ("A Section 2241 petition may be granted if the inmate 'is in custody in violation of the

Constitution or laws or treaties of the United States' . . . . A compassionate release is not a matter of illegal or unconstitutional restraint."). Moreover, his motion for compassionate release is before the wrong court. "Only the sentencing court can entertain such requests." Bolden v. Ponce, 2020 WL 2097751, at *2 (C.D. Cal. 2020) (citing United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted . . . .").

Accordingly, the Court concludes Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his § 924(e) claim, and the Court is without habeas jurisdiction to entertain his compassionate release claim. The petition should be summarily dismissed for lack of jurisdiction.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petitions for Writ of Habeas Corpus in both related cases be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to objections shall be filed within ten (10) court days after objections are filed. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2023**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE